1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kareem Eli Warling, ) | No. CV-12-01396-PHX-FJM (SPL) |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Charles L. Ryan, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

Petitioner Kareem Eli Warling, who is confined in the Arizona State Prison Complex-Eyman, Rynning Unit, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**BACKGROUND**

**I.     Case No. CR 1990-13091**

On December 12, 1990, Petitioner was indicted by a grand jury in the Maricopa County Superior Court ("Superior Court"), Case No. CR 1990-13091, on one count of aggravated assault, a class three dangerous felony. (Doc. 13-1, Exh. B; Doc. 13-2 at 23, Exh. Y.) Although Petitioner initially entered into a plea agreement (Doc. 13-1, Exh. C-D), he withdrew his plea (Doc. 13-1, Exh. E-F) and proceeded to trial. On August 9, 1991, following a jury trial, Petitioner was found guilty of the indicted offense. (Doc. 13-1 at 76, Exh. N; Doc. 13-1 at 114, Exh. T.) He was sentenced to a term of 15 years'

imprisonment on October 10, 1991 (Doc. 13-1, Exh. P, Q).[1]

> This incident began when the victim saw his ex-girlfriend drive off with [Petitioner]. The victim chased [Petitioner] in traffic and then punched and kicked at him in an attempt to get him out of the car after they stopped. [Petitioner] shot the victim four times, but argued he shot in self defense. [Petitioner] testified he was scared and thought the victim had a gun because the victim's girlfriend had warned him that the victim had a very jealous disposition and associated with the Crips gang. The victim's girlfriend, who was in the car with [Petitioner], denied she told [Petitioner] her boyfriend associated with a gang and testified she could see by the car's dome light the victim did not have a weapon.

(Doc. 13-2 at 23, Exh. Y.)

On October 15, 1991, Petitioner, through counsel, filed a timely Notice of Appeal in the Arizona Court of Appeals ("Appellate Court"). (Doc. 13-1, Exh. S; Doc. 13-2 at 7, Exh. Y.)[2] On July 17, 1992, appellate counsel filed an opening brief. (Doc. 13-1, Exh. U.) In a memorandum decision filed on May 25, 1993, the Appellate Court affirmed Petitioner's conviction, but modified his sentence to credit him for eight additional days of presentence incarceration. (Doc. 13-2 at 25, Exh. Y.) Petitioner filed a Petition for Review on June 17, 1993 (Doc. 13-2, Exh. Z), which was denied by the Arizona Supreme Court on December 1, 1993 (Doc. 13-2, Exh. FF).

On April 5, 1993, Petitioner filed a timely Notice of Post-Conviction Relief. (Doc. 13-2, Exh. X.) Petitioner was appointed counsel, and on July 8, 1993, counsel filed notice in the Superior Court that he did not find any colorable claim for relief, and sought leave to allow Petitioner to file a *pro per* petition. (Doc. 13-2, Exh. BB.) Petitioner did not file a *pro per* petition, and on October 4, 1993, the Superior Court summarily dismissed the proceedings. (Doc. 13-2, Exh. CC - EE.)

---

[1]   Petitioner was initially sentenced on October 1, 1991. (Doc. 13-1, Exh. P.) However, the Superior Court failed to incorporate Petitioner's prior felony convictions. Consequently, on October 10, 1991, the Superior Court re-sentenced Petitioner to include those priors. (Doc. 13-1, Exh. Q.)  All other terms of sentencing remained the same.

[2]   On direct appeal, the Appellate Court consolidated CR 1990-13091 (CA-CR 91-1476) with CR 1991-05542 (CA-CR 91-1477). (Doc. 13-1, Exh. S.)

On August 4, 2009, Petitioner filed a subsequent Notice and Petition for Post-Conviction Relief. (Doc. 13-2, Exh. QQ, RR.) In an order dated March 10, 2010, the Superior Court dismissed the petition. (Doc. 13-2, Exh. SS.) On April 7, 2010, Petitioner filed a Petition for Review (Doc. 13-2, Exh. TT) which was denied by the Appellate Court on September 21, 2011 (Doc. 13-2, Exh. WW). On October 17, 2011, Petitioner sought review by the Arizona Supreme Court. (Doc. 13-2, Exh. XX.) The Petition for Review was summarily denied on February 23, 2012. (Doc. 13-2, Exh. YY.)

## II.   Case No. CR 1991-05542

On June 24, 1991, Petitioner was charged in the Superior Court, Case No. CR 1991-05542, with three counts of sexual conduct with a minor. (Doc. 13-1, Exh. H.)[3] Petitioner entered in to a plea agreement and pled guilty to one count of sexual conduct with a minor, a class 6 felony, on August 29, 1991. (Doc. 13-1, Exh. J-L; Doc. 13-2 at 26, Exh. Y.) In exchange for his plea, the remaining counts and allegations of prior felony convictions were dismissed. (Doc. 13-1, Exh. J-L.) For sentencing purposes, the Superior Court consolidated this case with CR 1990-13091. (Doc. 13-1, Exh. M.) On October 1, 1991, the Superior Court sentenced Petitioner to a term of 1.5 years' imprisonment, to run concurrent with the sentence imposed in CR 1990-13091. (Doc. 13-1, Exh. N-O.)

On October 15, 1991, Petitioner, through counsel, filed a timely Notice of Appeal in the Appellate Court. (Doc. 13-1, Exh. S; Doc. 13-2 at 7, Exh. Y.)[4] On July 17, 1992, appellate counsel filed an opening brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that he found no error and requested that the Appellate Court search the record for fundamental error. (Doc. 13-1, Exh. U.) In a memorandum decision

---

[3]    Petitioner was initially charged by way of a complaint filed in the Tempe Justice Court on June 1, 1991. (Doc. 13-1, Exh. G.)

[4]    "By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review." Ariz. R. Crim. P. 17.1(e). *But see State v. Stevens*, 844 P.2d 661, 662 (Ariz. Ct. App. 1992) (finding that amended Rule 17.1 did not divest the Arizona Court of Appeals "of jurisdiction over appeals from judgments and sentences imposed pursuant to plea agreements entered before September 30, 1992.")

filed on May 25, 1993, the Appellate Court affirmed Petitioner's conviction and sentence. (Doc. 13-2, Exh. Y.) On June 17, 1993, Petitioner sought review of the Appellate Court's decision. (Doc. 13-2, Exh. Z.) The Arizona Supreme Court summarily denied the Petition for Review on December 1, 1993. (Doc. 13-2, Exh. FF.) Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1 at 3.)

On August 4, 2009, Petitioner filed a Notice and Petition for Post-Conviction Relief. (Doc. 13-2, Exh. QQ-RR.)[5] The Superior Court dismissed the petition on March 10, 2010. (Doc. 13-2, Exh. SS.) On April 7, 2010, Petitioner filed a Petition for Review (Doc. 13-2, Exh. TT), and on September 21, 2011, it was summarily denied by the Appellate Court. (Doc. 13-2, Exh. WW.) On October 17, 2011, Petitioner sought review of the Appellate Court's decision. (Doc. 13-2, Exh. XX.) On February 23, 2012, the Arizona Supreme Court denied review. (Doc. 13-2, Exh. YY.)

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 28, 2012. (Doc. 1.)  Respondents filed a Limited Answer. (Doc. 13.) Petitioner has not filed a Reply, and the time to do so has expired.

## DISCUSSION

In his Petition for Writ of Habeas Corpus, Petitioner raises four grounds for relief. In Ground One, Petitioner challenges his conviction in CR 1990-13091. He argues that his sentence violated his Fifth and Sixth Amendment rights because a jury did not find, and he did not admit, any of the aggravating factors used to enhance his sentence. In Ground Two, Petitioner argues that trial counsel in CR 1991-05542 was constitutionally ineffective when he misadvised Petitioner regarding possible sentencing which induced him to enter into a plea agreement.  In Ground Three, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated by vindictive prosecution in CR 1991-05542. Lastly, in Ground Four, Petitioner argues that the delayed filing of the information

---

[5]    In his 2009 state notice and petition for post-conviction relief, Petitioner jointly challenged CR 1990-13091 and CR 1991-05542 as "consolidated." (Doc. 13-2, Exh. QQ-RR.)

1  in CR 1991-05542 violated his Fifth Amendment due process rights and Sixth

2  Amendment speedy trial rights. In response, Respondents contend that Petitioner's

3  habeas petition is time-barred. Respondents alternatively argue that Petitioner did not

4  exhaust his state court remedies and his claims are procedurally barred.

5      For the reasons that follow, the Court finds that the habeas petition is barred by the

6  statute of limitations, and will therefore recommend that it be denied on that basis.

7  **I.    Legal Standard**

8      The writ of habeas corpus affords relief to persons in custody pursuant to the

9  judgment of a State court in violation of the Constitution, laws, or treaties of the United

10  States. 28 U.S.C. §§ 2241(c)(3), 2254(a).[6] Such petitions are governed by the

11  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[7]  28 U.S.C. § 2244.

12  The AEDPA imposes a statute of limitations on federal petitions for writ of habeas

13  corpus filed by state prisoners. *See* 28 U.S.C. § 2244. The statute provides:

14          A 1-year period of limitation shall apply to an application for
           a writ of habeas corpus by a person in custody pursuant to the
15          judgment of a State court. The limitation period shall run
           from the latest of–
16
           (A) the date on which the judgment became final by the
17          conclusion of direct review or the expiration of the time for
           seeking such review;
18
           (B) the date on which the impediment to filing an application
19

20  [6]      The Superior Court ordered Petitioner's sentences in CR 1990-13091 and CR
    1991-05542 to run consecutive to a sentence imposed by the Maricopa County Superior
21  Court in Case No. CR 1990-13516. (Doc. 13-1, Exh. Q-R; Doc. 13-2 at 7, Exh. Y.) In CR
    1990-13516, Petitioner was convicted of four counts of aggravated assault and sentenced
22  to a 10-year term of imprisonment on count one, a concurrent 15-year term of
    imprisonment on count 2, and 10 and 15 year consecutive terms on counts 3 and 4. *See*
23  http://www.courtminutes.maricopa.gov/docs/Criminal/052013/m5788606.pdf (last visited
    July 19, 2013). Although Petitioner may not yet have begun to serve his sentence in CR
24  1990-13091 and CR 1991-05542, he is "in custody" pursuant to those judgments. *See*
    *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (a petitioner who is in custody for one sentence
25  may challenge a consecutive sentence that he has not yet begun to serve); *Garlotte v.*
    *Fordice*, 515 U.S. 39, 41 (1995) (a series of consecutive sentences is to be treated as a
26  "continuous stream," and a petitioner "remains 'in custody' under all of his sentences
    until all are served").

27  [7]      The AEDPA applies to cases filed after its effective date, April 24, 1996. *See*
28  *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

5

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires." *See Gonzalez v. Thaler*, 132 S.Ct. 641, 656 (2012). Where a petitioner seeks direct review from the highest state court, "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); *see also Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

The one-year filing deadline is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the petition is not filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."). An application is "pending" during the "time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214 (2002). Unlike finality under 28 U.S.C. § 2244(d)(1), statutory tolling under § 2244(d)(2) does not apply to the period to seek certiorari from the United States Supreme Court. *See White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002).

In certain limited circumstances, the one-year filing deadline may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). *See also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (recognizing that AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S, 408, 418 (2005)); *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010) (the petitioner must demonstrate "both that there were 'extraordinary circumstances,' and that the 'extraordinary circumstances were the cause of his untimeliness'") (quoting *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007)); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) ("Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotation marks and citations omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

## II.    Application

In Case No. CR 1990-13091, having been found guilty by a jury, Petitioner was sentenced on October 10, 1991. Petitioner timely filed a direct appeal, and on May 25, 1993, the Appellate Court affirmed the conviction. On June 17, 1993, Petitioner filed a timely Petition for Review by the Arizona Supreme Court, which was denied on December 1, 1993. Because Petitioner did not petition for certiorari in the United States Supreme Court, this conviction became final within the meaning of 28 U.S.C. § 2244(d)(1)(A) on March 1, 1994, the date for seeking certiorari in the United States Supreme Court expired. *See* Sup. Ct. R. 13. Therefore, the one-year limitations period

would have commenced on March 2, 1994. However, where a conviction became final before the AEDPA enactment date on April 24, 1996, as here, there is a one-year grace period. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, Petitioner had until April 24, 1997 to file a federal habeas petition. *See Patterson*, 251 F.3d at 1246. [8]

In Case No. CR 1991-05542, Petitioner pled guilty and was sentenced on October 1, 1991. He timely filed a direct appeal, and on May 25, 1993, the Appellate Court affirmed the conviction. On June 17, 1993, Petitioner filed a timely Petition for Review by the Arizona Supreme Court, which was denied on December 1, 1993. Because he did not petition for certiorari in the United States Supreme Court, this conviction also became final within the meaning of 28 U.S.C. § 2244(d)(1)(A) on March 1, 1994. Similarly, Petitioner had until April 24, 1997 to file a federal habeas petition, because this conviction became final before the AEDPA's enactment. *See supra.*

### A.    Statutory Tolling

In 2009, more than 12 years after the grace period expired, Petitioner simultaneously sought post-conviction review for his convictions in CR 1990-13091 and CR 1991-05542. The notice for post-conviction relief however, did not statutorily toll the limitations period for either conviction. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart it. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) can only serve to pause a clock that has not yet fully run. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not revive a limitations period that ended before state petition was filed). The limitations period in this case concluded in 1997. Furthermore, the Superior Court found that the 2009 notice was

---

[8]      Aside from the grace period, in CR 1990-13091, the limitations period would have been statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2), when Petitioner timely filed a Notice of Post-Conviction Relief on April 5, 1993. Petitioner's properly filed application remained pending until the Superior Court dismissed the petition on October 4, 1993. Because no petition for review was filed in the Appellate Court, the limitations period would have been statutorily tolled through November 4, 1993, the expiration date to seek such state review.

untimely under Arizona law and the petition's claims did not satisfy any exception to the time limit for filing a Rule 32 petition. (Doc. 13-2, Exh. SS.) Consequently, Petitioner's notice of post-conviction relief was not "properly filed" and could not have statutorily tolled the limitations period even if it had not already expired. *See Pace*, 544 U.S. at 414 (stating that "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotation and citation omitted).

### B.    Equitable Tolling

Petitioner argues that he should be excused from filing an untimely habeas petition, essentially asking that the limitations period be equitably tolled. Petitioner contends that "a significant change in the law was made regarding the States misapplication of the use of 'Hannah Priors' to the first time offende[r]s. Had the Arizona Department of Corrections provided access to law libraries or the aid of persons trained in the law defendant would have discovered this ruling much sooner." (Doc. 1 at 11.)

Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling. Petitioner's *pro se* status, ignorance of the law, or lack of representation during the applicable filing period does not constitute an extraordinary circumstance. *See, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1048-49 (9th Cir. 2010) (petitioner not entitled to equitable tolling based on his *pro se* status, incomplete prison library, or reliance on other inmates for assistance); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir. 2009) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing") (citing *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000)). In certain circumstances, a lack of access to legal resources may warrant equitable tolling. *See, e.g., Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (finding that unavailability of a copy of the AEDPA in a prison law library could be grounds for equitable tolling); *Roy*, 465 F.3d at 974 (finding that lack of access to AEDPA materials and Oregon law books may be an extraordinary circumstance); *Mendoza v. Carey*, 449

F.3d 1065 (9th Cir. 2006) (finding that lack of access to Spanish language legal materials or assistance could entitle habeas petitioner to equitable tolling). Here however, while Petitioner purports to have lacked access to legal resources, he does not claim any basis which prevented him from timely filing a habeas petition. Even if Petitioner argued that a lack of access to a state court's decision prevented him from prevailing on a federal habeas claim, he fails to allege that he was prevented from preparing and filing a habeas petition. *See Shannon v. Newland,* 410 F.3d 1083, 1090 (9th Cir. 2005). Based on the circumstances presented, the Court simply cannot say that extraordinary circumstances stood in Petitioner's way and prevented him from timely filing a habeas petition in this Court.

Further, Petitioner has not demonstrated *any* actions on his part to diligently pursue his rights. Rather, when seeking state post-conviction review in 2009, Petitioner contended that he "ha[d] recently been made aware of these issues by a jailhouse lawyer." (Doc. 13-2 at 115, Exh. RR.) Petitioner fails to explain why he waited approximately three years after such discovery to file a federal habeas petition. The Court therefore concludes that equitable tolling is not applicable here.

In sum, the statute of limitations ran uninterrupted until the conclusion of the one-year grace period on April 24, 1997. Petitioner did not file his federal habeas petition until June 28, 2012, more than 15 years after that period expired. Therefore, the Court finds that the Petition for Writ of Habeas Corpus is untimely and barred by the statute of limitations.

## CONCLUSION

The record is amply developed, and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011)*; Roberts*, 627 F.3d at 773. Based on the above analysis, the Court finds that the Petition for Writ of Habeas Corpus is barred by the statute of limitations. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

1    **IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas

2    Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

3    **PREJUDICE**.

4    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

5    leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the

6    Petition is justified by a plain procedural bar and jurists of reason would not find the

7    procedural ruling debatable.

8    This recommendation is not an order that is immediately appealable to the Ninth

9    Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

10   Appellate Procedure, should not be filed until entry of the district court's judgment. The

11   parties shall have 14 days from the date of service of a copy of this recommendation

12   within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1);

13   Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file

14   a response to the objections.

15   Failure to timely file objections to the Magistrate Judge's Report and

16   Recommendation may result in the acceptance of the Report and Recommendation by the

17   district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

18   1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

19   Magistrate Judge will be considered a waiver of a party's right to appellate review of the

20   findings of fact in an order of judgment entered pursuant to the Magistrate Judge's

21   recommendation. *See* Fed. R. Civ. P. 72.

22   Dated this 19th day of July, 2013.

Honorable Steven P. Logan
United States Magistrate Judge

11