**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kareem Eli Warling,

                Petitioner,

v.

Charles L. Ryan, et al.,

                Respondents.

No. CV 12-01396-PHX-DGC (SPL)

**ORDER**

Pending before the Court are the petition for writ of habeas corpus filed by *pro se* Petitioner Kareem Eli Warling (Doc. 1) and the Report and Recommendation ("R&R") issued by Magistrate Judge Steven P. Logan (Doc. 15).  The R&R recommends that the petition be denied because it is time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA) and no statutory or equitable tolling is available.  Petitioner filed a response to the R&R.  Doc. 16.  Petitioner has not requested oral argument.  For the reasons that follow, the Court will accept the R&R and deny the petition.

**I.      Background.**

Petitioner does not object to the R&R's recitation of facts, and therefore the Court adopts it summarily.  On December 12, 1990, a grand jury indicted Petitioner on one count of aggravated assault, a class 3 dangerous felony.  Doc. 13-1 at 21.  In a separate case, Petitioner was charged on June 24, 1991 with three counts of sexual conduct with a minor (Case No. CR 1991-05542).  *Id.* at 37-38.  In the latter case, Petitioner pled guilty to one count of sexual conduct with a minor, a class 6 felony.  *Id.* at 43-61.  The

1    remaining counts and allegations of prior felony convictions were dismissed.  *Id*.  A jury
2    found Petitioner guilty of aggravated assault on August 9, 1991.  *Id.* at 76.   For
3    sentencing purposes, the trial court consolidated the two cases.  *Id.* at 63-64.   On
4    October 1, 1991, the trial court sentenced Petitioner to 1.5 years for the class 6 felony and
5    15 years for the class 3 felony, to be served concurrently.  *Id.* at 66-94.[1]

6           Petitioner filed timely notices of appeal in both cases (Doc. 13-2 at 7), and the
7    Arizona Court of Appeals affirmed the convictions and sentences on May 25, 1993 (*id.* at
8    22-27).   Petitioner filed a timely petition for review (*id.* at -29), which the Arizona
9    Supreme Court summarily denied on December 1, 1993 (*id.* at 58).

10          On April 5, 1993, Petitioner filed a timely Notice of Post-Conviction Relief.
11   Doc. 13-2 at 18-20.  Petitioner's court-appointed counsel filed notice in the trial court that
12   he did not find any colorable claim for relief, and sought leave to allow Petitioner to file a
13   *pro per* petition.  *Id.* at 48-49.  Petitioner did not file a *pro per* petition.  The trial court
14   summarily dismissed the proceedings on October 4, 1993.  *Id*. at 51-56.

15          More than 15 years later, on August 4, 2009, Petitioner filed a second Notice and
16   Petition for Post-Conviction Relief.  Doc. 13-2 at 105-27.  The trial court dismissed the
17   petition on March 10, 2010.  *Id.* at 129-30.  The Arizona Court of Appeals denied review
18   on September 21, 2011 (*id.* at 153), and the Arizona Supreme Court denied review on
19   February 23, 2012 (*id.*at 164).  Petitioner then filed the present petition.  Doc. 1.

20   **II.    Standard of Review.**

21          The Court may accept, reject, or modify, in whole or in part, the findings or
22   recommendations made by a magistrate judge in a habeas case.   *See* 28 U.S.C.
23   § 636(b)(1).  The Court must undertake a de novo review of those portions of the R&R to
24   which specific objections are made.  *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v.*

25   _____

26          [1] On October 10, 1991 the trial court re-sentenced Petitioner to incorporate
27   Petitioner's prior felony convictions, but all other terms of the sentence remained the
     same.  Doc. 13-1at 96-99.

28
                                      - 2 -

1   *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

2   **III.    Analysis.**

3          Petitioner's "Response to Report and Recommendation" contains no specific

4   objections.  Instead, the response argues generally that the petition is not time-barred

5   because the AEDPA statute of limitations does not apply and Petitioner exhausted his

6   state court remedies.  Doc. 16 at 2-3.  Judge Logan determined that the AEDPA, 28

7   U.S.C. § 2244, governs habeas corpus petitions filed after its effective date, *see Lindh v.*

8   *Murphy*, 521 U.S. 320, 326-27 (1997), including Petitioner's petition.  Doc. 15 at 5-8 &

9   n.7.  The Court agrees.

10         Petitioner's contention that he exhausted his state court remedies does not

11  establish that his petition is timely.  Judge Logan made no finding as to exhaustion, but

12  instead determined that statutory and equitable tolling were not available (*id.* at 8-11) and

13  that the petition is time-barred because the AEDPA statute of limitations, including the

14  one-year grace period, expired on April 24, 1997 (*id.* at 8).

15         Petitioner's response is an ineffective general objection.  Under Federal Rule of

16  Civil Procedure 72(b), the district judge must review de novo those portions of the R&R

17  that have been "properly objected to."  Fed. R. Civ. P. 72(b).  A proper objection requires

18  "*specific written objections* to the proposed findings and recommendations."  *Id.*

19  (emphasis added); *see* 28 U.S.C. § 636(b)(1).  An obvious purpose of this requirement is

20  judicial economy – to permit magistrate judges to hear and resolve matters not

21  objectionable to the parties.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Reyna-Tapia*,

22  328 F.3d at 1121.  Because de novo review of an entire R&R would defeat the

23  efficiencies intended by Congress, a general objection "has the same effect as would a

24  failure to object."  *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Haley v.*

25  *Stewart*, No. CV-02-1087-PHX-DGC (CRP), 2006 WL 1980649, at *2 (D. Ariz. July 11,

26  2006).  As a result, the Court has no obligation to review Petitioner's general objection to

27  the R&R.  *See Thomas*, 474 U.S. at 149 (no review at all is required for "any issue that is

28

- 3 -

not the subject of an objection.").

**IT IS ORDERED:**

1.      Magistrate Steven P. Logan's R&R (Doc. 15) is **accepted**.

2.      Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.

3.      A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

4.      The Clerk **shall terminate** this action.

Dated this 19th day of September, 2013.

_David G. Campbell_
David G. Campbell
United States District Judge

- 4 -